STATE BOARD OF TAX APPEALS.

CITY OF HACKENSACK, PETITIONER, v. HACKENSACK
TRUST COMPANY ET AL., RESPONDENTS.

Decided March 4, 1941.

For the petitioner, *Horace F. Banta* (by *John A. Christie*).

For the respondents, *Joseph L. Lippman*.

QUINN, President.   Petitioner filed certain petitions before
this board within the time prescribed for the filing of peti-
tions of appeal to this board from actions or determinations
of county boards of taxation, for the purpose of setting aside
the entertainment of jurisdiction by the Bergen County Board
of Taxation of a number of petitions of appeal from assess-
ments made by the petitioner upon divers parcels of realty
for the year 1940, filed with that board by the Hackensack
Trust Company.   While not in the form prescribed by this
board for petitions of appeal from county board determina-
tions, we nevertheless proceed to consider the matters urged
in said petitions, on their merits.

The county board appeals under review fall into two
groups:  (a) involving properties owned by the Hackensack

Trust Company, individually, or as fiduciary; (b) involving properties as to which Hackensack Trust Company was mortgagee. The petitioner moved before the county board to dismiss the appeals for the reason, with respect to the (a) appeals, that while they referred to Hackensack Trust Company as petitioner, they were signed and verified by "J. Kozlik," not affirmatively appearing to be an agent of the petitioner on the face of the petition; and with respect to the (b) appeals, for the reasons that a mortgagee has no right to take an appeal and that these petitions also referred to Hackensack Trust Company as petitioner (not stating whether as owner or agent) and were signed and verified by "J. Kozlik."

Concerning the (b) appeals, respondent does not resist this application upon any assertion of a right to appeal as mortgagee (see *Borough of Monmouth Beach* v. *Winfield, New Jersey Tax Reports,* 1912-1934, *p.* 482), but upon the ground that it was, as a matter of fact, the authorized agent of the owners at the time of the filing of the county board appeals, and that J. Kozlik was one of its officers, authorized to execute and verify the petitions upon its behalf. This is also its position in reference to the (a) appeals. It furnished supplementary written proof of such agency and of the official status of J. Kozlik, as to all such appeals, before the Bergen County Board of Taxation, and was prepared, at the hearing of the present application before this board, to offer witnesses as to those facts. But petitioner waived such proof as immaterial, taking the position that the failure of the county board petitions to show the agency upon their face was fatal to the jurisdiction of that tribunal. We are unable to concur in this view.

The statute provides, *R. S.* 54:3-21:

"A taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, may on or before August fifteenth appeal to the

county board of taxation by filing with it a petition of appeal. A copy thereof shall also be filed with the clerk or attorney of the taxing district, setting forth the cause of complaint, the nature and location of the assessed property and the relief sought. *The petition shall be signed and sworn to by the petitioner or his agent, and shall be in such form and contain such further information as may be from time to time prescribed by rule of the board, for the better understanding and determination of the appeal.* (Italics supplied.)

We are satisfied that where a petition is filed by an agent, the jurisdiction of the county board is conditioned upon the *fact* of agency of the party filing or verifying the petition, and that the absence of an affirmative showing of such agency upon the face of the petition is not fatal, jurisdictionally. We are not to be understood as approving the form of the petitions here under review, but we regard the question of compliance by respondent with non-jurisdictional rules of the county board as settled by the acceptance of the petitions by that board, presumably in the exercise of what the board conceived to be sound discretion.

Petitioner's reliance upon *City of Newark* v. *Art Metal Works, Inc., New Jersey Tax Reports,* 1934-1939, *p.* 403, is not in point, for the reasons that that case involved a rule of this board specifically requiring the fact of agency to be verified upon the face of the petition, and because this board there found it to be a fact that the petition was not executed by one authorized to sign same for the taxing district petitioner. Nor are any of the other authorities cited by petitioner applicable to the precise situation before us. But see *City of Garfield* v. *Forstmann Woolen Co., Id., p.* 740.

The petitions are dismissed for the reasons stated.